IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KELLEY ROBERTSON, ) | |
| ) | Civil Action No. |
|   Plaintiff, ) | |
| v. ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| AMERICAN CREDIT ACCEPTANCE, ) | |
| LLC, ) | |
| ) | |
|   Defendant. ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Kelley Robertson (hereinafter "Plaintiff"), and files this lawsuit against Defendant American Credit Acceptance, LLC (hereinafter "Defendant"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in

violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(a)(4).

4.

Defendant American Credit Acceptance, LLC is a South Carolina corporation with its principal place of business located at 961 E. Main Street Suite 200, Spartanburg, SC, 29302.  The unlawful employment practices described herein occurred at Defendant's office located at 5486 Old Dixie Highway, Forest Park, Georgia 30297. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. Parties

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff worked for the Defendant from approximately December 17, 2009 through March 12, 2013 as a Recovery Specialist.

7.

Defendant employed the named Plaintiff during the relevant time period.

8.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant.

9.

Plaintiff performed non-exempt labor for the Defendant within the last three years and was paid on an hourly basis.  Throughout her employment with Defendant, Plaintiff was entitled to overtime compensation for all hours worked in excess of forty (40) hours in a workweek.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential for all hours worked over forty (40) in such weeks.

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Defendant has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

13.

Defendant is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

14.

Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of 29 USC § 203(r) and (s).

15.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §207.

## IV. Facts

16.

Defendant is in the business of making loans for customers to purchase automobiles. The purchased automobile was collateral for the loan. When a customer defaulted on a loan, Defendant would arrange for a Recovery Agent to repossess the automobile.

17.

Plaintiff worked for the Defendant within the past three years as a Recovery Specialist. During this time period, Plaintiff's duties included tracing the location of delinquent customers and the automobile/collateral and assisting Recovery Agents with handling issues that would arise in the course of repossession.

18.

During the last three years, Defendant maintained a policy of requiring, suffering or permitting Plaintiff to work off the clock. Plaintiff's duties necessitated that she work after Defendant's usual office hours in order to, *inter alia*, assist Recovery Agents with handling issues that arose while the Agents were repossessing vehicles after normal business hours. When Plaintiff performed such after-hours duties, she frequently performed work away from the office that would not be recorded by Defendant's time clock. Defendant either directed Plaintiff to

perform this off-the-clock work or possessed actual or constructive knowledge of such work and permitted the work to be performed.

19.

Because of the after-hours, off-the-clock work described above, Plaintiff regularly worked substantially in excess of forty (40) hours per week.

20.

During the last three years, while employed by Defendant as a non-exempt Recovery Specialist, Plaintiff regularly worked in excess of forty (40) hours in given workweeks and was not paid the overtime wage differential for all hours worked in excess of forty (40) in such weeks.

21.

During the last three years, Plaintiff was entitled to and Defendant did provide a non-discretionary, monthly bonus of $500.  The rate paid for the overtime hours for which Defendant did compensate Plaintiff during the last three years did not factor in the non-discretionary monthly bonus of $500.

22.

During the last three years, Defendant maintained a policy of deducting time from Plaintiff's weekly hours for breaks which Plaintiff did not take, thereby denying Plaintiff pay for hours she worked.

## V. <u>Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.</u>

23.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

24.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

25.

Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

26.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

27.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

28.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

29.

Defendant's conduct was willful and in bad faith.

30.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VII.  Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, liquidated damages as provided by 29 U.S.C. §216, court costs, expert witness fees, reasonable attorneys' fees under 29 U.S.C. §216, pre-judgment interest and all other remedies allowed under the FLSA;

(C)    Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(D)    Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 18th day of June, 2013.

**BARRETT & FARAHANY, LLP**


s/ Benjamin A. Stark           _
Amanda A. Farahany
Georgia Bar No. 646135
Benjamin F. Barrett
Georgia Bar No. 039586
Benjamin A. Stark
Georgia Bar No. 601867
Attorneys for Kelley Robertson

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile