## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS ("Agreement") is made and entered into by and between Kelley Robertson ("PLAINTIFF") and AMERICAN CREDIT ACCEPTANCE, LLC ("ACA"). In consideration of the promises set forth herein, the parties agree to the following:

### WITNESSETH:

WHEREAS, PLAINTIFF has caused to be filed in the United States District Court for the Northern District of Georgia, a civil action entitled "Kelley Robertson v. American Credit Acceptance, LLC, " having Civil Action No. 1:13-cv-02043-SCJ ("Federal Court Action"); and

WHEREAS, PLAINTIFF and ACA desire to settle fully and finally all of PLAINTIFF'S claims against, or issues with, ACA and the differences between them, including, but not limited to, all claims which have been or could have been asserted in the Federal Court Action, and any appeal rights thereon;

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and with the intent to be legally bound, the parties agree as follows:

1.      ACA and PLAINTIFF agree to cooperate in seeking the approval for the terms of the settlement set forth in this Agreement from the Court presiding over the Federal Court Action. Those terms include the payment of a total settlement to PLAINTIFF in the amount of Twenty Thousand DOLLARS ($20,000.00). Said settlement amount shall be paid to PLAINTIFF as set forth below in Paragraph 2. The parties shall jointly move the Federal Court to approve the settlement set forth in this Agreement within one (1) business day following the execution of this agreement by both parties.

2.      Within one (1) business day following the Federal Court's express approval of the terms of settlement set forth herein and ACA's receipt of: 1) a fully executed copy of this Agreement; 2) completed IRS Form W-9s from PLAINTIFF and her attorney, and 3) a Form W-4 completed by PLAINTIFF, ACA agrees to do the following:

(a)      ACA shall issue and serve a check payable to PLAINTIFF'S counsel, Barrett & Farahany, LLP, for attorneys' fees and costs, in the amount of ten thousand five hundred forty dollars and eighty five cents ($10,540.85); and

(b)      ACA shall issue two (2) checks totaling nine thousand four hundred fifty nine dollars and fifteen cents ($9,459.15) payable to PLAINTIFF as follows: one check in the amount of four thousand seven hundred twenty-nine dollars and fifty seven cents ($4,729.57), representing unpaid wages, less applicable withholding taxes; and a second check in the amount of four thousand seven hundred twenty-nine dollars and fifty eight cents ($4,729.58) representing liquidated damages, not subject to withholding taxes.  This sum represents the full and final compromise of any and all wages, including overtime wages, that PLAINTIFF alleges are owed to her; and

(c)      ACA shall issue a letter of reference to PLAINTIFF which states her dates of employment, positions held, and that during her employment she was very effective and exceeded expectations in performing her job duties.

(d)      ACA shall respond to any proposed revisions by PLAINTIFF's counsel of this Agreement within one (1) business day of receipt by ACA's counsel of the proposed revision(s).

3.      PLAINTIFF agrees that but for this Settlement Agreement, she would not be entitled to the consideration referred to in Paragraph 2 above from ACA.  PLAINTIFF further

agrees that she is waiving rights and claims only in exchange for consideration that is in addition to anything of value to which she is already entitled.

4.      PLAINTIFF confirms that when the settlement payment(s) have been made, as referenced in Paragraph 2, no further sum or benefit is owed to her by ACA.  PLAINTIFF specifically acknowledges that she is entitled to no additional monies from ACA, including attorneys' fees, wages, bonuses, commissions, vacation/PTO pay, or other compensation or benefits of employment.  All such monies due her have been paid by ACA.  PLAINTIFF further understands and agrees that the settlement funds set forth in Paragraph 2 do not require ACA to re-compute any past benefits PLAINTIFF received from ACA.

5.      Upon receipt of the Court's approval of the settlement set forth in this Agreement, PLAINTIFF'S attorney(s) of record will execute within one (1) business days a Stipulation of Dismissal and dismiss with prejudice and in their entirety all the claims that PLAINTIFF has in the Federal Court Action (including any appeal rights) against ACA (to the extent the Court has not already dismissed the action).  PLAINTIFF understands and agrees that the obligation of ACA to pay any consideration pursuant to this Agreement is expressly conditioned upon the Court's entry of an Order dismissing PLAINTIFF's claims, with prejudice, in their entirety from the Federal Court Action.

6.      In consideration of the payment described in Paragraph 2 above, and the other consideration and provisions set forth in this Agreement, PLAINTIFF agrees on her behalf and on behalf of her heirs, successors, attorneys, agents, executors, administrators and assigns, to release ACA and its direct and indirect, current and former parents, subsidiaries, predecessors, successors and affiliates (collectively "the Companies") and each of their respective present or former predecessors, successors, assigns, directors, officers, partners, stockholders, managers,

supervisors, agents, insurers, reinsurers, attorneys and employees, and anyone acting for them (collectively, "Releasees"), from any and all claims alleged, or that could have been alleged, in the Federal Court Action, including any appeal rights thereon, and any and all claims of any kind arising from any facts, whether known or unknown to PLAINTIFF, from the beginning of time until the date PLAINTIFF signs this Agreement, including but not limited to any and all manner of, complaints, claims, suits, damages, debts, liens, or liabilities of any nature, whether known or unknown, in law or in equity arising in connection with her employment, or the termination of her employment, or any other matter, whether contractual, common law or statutory, including but not limited to claims for breach of or interference with any alleged contract, wrongful discharge and any state or local discrimination laws or discrimination or retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, discrimination on the basis of age pursuant to the Age Discrimination in Employment Act of 1967, as amended, the Older Worker's Benefit Protection Act of 1990, the Americans with Disabilities Act, The Family Medical Leave Act, the Employee Retirement Income Security Act of 1974, as amended, harassment, discrimination and retaliation pursuant to state laws, and any other federal, state, or local human or civil rights, pension or labor laws, rules and/or regulations, or public policy, contract or tort laws, rules and/or regulations, specifically including the Fair Labor Standards Act, or other state or local wage-hour laws, or any claim arising under common law, such as claims for breach of contract, defamation, breach of implied covenant of good faith and fair dealing, misrepresentation, false imprisonment, libel, slander, invasion of privacy, negligence, interference with advantageous relations, infliction of emotional distress, false arrest and imprisonment; common law malicious prosecution, wrongful termination, and any claims for attorneys' fees or costs which PLAINTIFF now has or claims to have, or which PLAINTIFF previously had or claimed to have, or which

PLAINTIFF ever may have or claim to have, against any or all of the Releasees, except that which arises from conduct occurring after the date this Agreement is executed by all parties.

7.     This release and waiver of claims excludes claims that cannot be waived by law or private agreement, including the right to file an adminstrative charge or cooperate with any governmental agency.   Nothing in this Agreement is intended to or shall interfere with PLAINTIFF'S right to file a charge or complaint, or participate in a proceeding, with any appropriate federal, state or local government agency enforcing federal or state discrimination laws and/or cooperating with said agency in its investigation.  PLAINTIFF, however, shall not be entitled to receive any individualized relief, recovery or monies in connection with any complaint or charge brought against any of the Releasees, without regard as to who brought any such complaint or charge.

8.     PLAINTIFF represents and warrants that she has no other pending complaints or charges against Releasees.  In further consideration of the payment in Paragraph 2, above, and other obligations and provisions of this Agreement, PLAINTIFF agrees on her behalf and on behalf of her heirs, executors, successors, attorneys, agents, administrators and assigns, that, except for claims that cannot be waived by law, as described in Paragraph 7 and except for conduct of Releasees occurring after the execution of this Agreement, PLAINTIFF will not institute a claim, suit or action of any kind against Releasees, including but not limited to, any claim, suit or action relating to her employment with ACA or the termination thereof.  If any agency or court assumes jurisdiction of any complaint or charge against ACA or the Companies or any of the Releasees on behalf of PLAINTIFF, or any class of which she may be a member, PLAINTIFF specifically waives and releases the right to any monetary recovery or other relief from such action or proceeding.   Nothing in this paragraph shall be construed to prevent

PLAINTIFF from giving truthful testimony in response to direct questions asked pursuant to a lawful subpoena or other legal process during any future legal proceeding involving Releasees.

9.    As further consideration for the monies paid by ACA as set forth in Paragraph 2, PLAINTIFF waives any right she may have to reemployment by ACA and further agrees not to apply for, seek or accept future employment with ACA, nor will she seek retention as a consultant or other type of licensed or non-payroll worker.  PLAINTIFF further agrees that if she becomes so employed, either voluntarily or involuntarily, she will resign immediately, and if she does not voluntarily resign, PLAINTIFF agrees that employment contrary to this provision is grounds for immediate termination and such termination is non-actionable.

10.    PLAINTIFF covenants that she has made no assignment and will make no assignment of the claims, demands or causes of action released herein and agrees that she will not institute legal proceedings based upon, arising out of, or relating to any claim, demand or cause of action released herein.  PLAINTIFF agrees to indemnify and hold harmless Releasees, and each of them, against any loss, or any other liability whatsoever, including reasonable attorneys' fees and costs, caused by any action or proceeding, brought by PLAINTIFF or PLAINTIFF's successors in interest, or any other, if such action or proceeding arises out of, is based upon, or is related to any claims, demands or causes of action released herein.

11.    This Agreement is entered into as a settlement and compromise of vigorously disputed claims.  ACA denies liability to PLAINTIFF, and enters into this Agreement solely to save costs and avoid the distraction to business created by disputes, litigation and/or potential litigation.  Neither this Agreement nor the aforesaid consideration is to be construed as an admission of any wrongdoing or liability, nor to be admissible as evidence in any proceeding other than for enforcement of this Agreement.

12.    PLAINTIFF understands that this Agreement is deemed to have been drafted jointly by the parties.  Any uncertainty or ambiguity must not be construed for or against any party based on attribution of drafting to any party.

13.    PLAINTIFF understands and agrees that if any provision of this Agreement is, for any reason, adjudged by any court of competent jurisdiction to be invalid or unenforceable, such judgment does not affect, impair, or invalidate the remainder of the Agreement, but is confined in its operation to the provision directly involved in the controversy in which such judgment is rendered.

14.    PLAINTIFF understands that the Agreement represents the entire agreement and understanding between the parties and supersedes any prior agreement, understanding or negotiations (other than an agreement if any, by which ACA provides a automobile financing to PLAINTIFF).  No change to or modification of this Agreement is valid or binding unless it is in writing and signed by PLAINTIFF and a duly authorized officer of ACA.

15.    This Agreement is governed and construed under the laws of the State of Georgia, without giving effect to the principles of conflicts of law thereof.

16.    No waiver of any breach of any term or provision of this Agreement is or may be construed as a waiver of any other breach of this Agreement.  No waiver is binding unless in writing and signed by the waiving party.

17.    This Agreement inures to the benefit of and is binding upon the heirs, representatives, successors and assigns of each party to it.

18.    PLAINTIFF acknowledges that she has personally read this Agreement and has reviewed it with legal counsel of her own choosing.  PLAINTIFF acknowledges that she has been provided a full and ample opportunity to study this Agreement, that it fully and accurately

reflects any and all understandings and agreements between the parties and that she is not relying on any other representations whatever as an inducement to execute this Agreement.

IN WITNESS WHEREOF, this Agreement is executed by each party as of the date indicated by that party's signature.

DATED: 6-6-14          BY: _Kelley Robertson_
                           Kelley Robertson


APPROVED AS TO FORM AND CONTENT:

DATED: 6/6/2014        BY: _Benjamin Stark_
                           Benjamin Stark

                           COUNSEL FOR PLAINTIFF


AMERICAN CREDIT ACCEPTANCE, LLC

DATED: 6-9-14          BY: _Cheryl Mathis_
                           TITLE: _VP, Human Resources_

WSACTIVELLP:6846780.1